## No. II.

### ANDREW BRISCOE v. CORRI AND WIFE ET AL.

*Appeal from Harrisburg County.*

BAYLOR, JUSTICE.—The appellant, Briscoe, commenced his suit in the court below against Henry Corri (who had intermarried with Eliza Hight, widow of William Pope) and one David Y. Portis, for the recovery of a certain negro man slave commonly called Henry; and for the sum of $1000, alleged to be due for the hire of said slave. Briscoe avers in his petition, that on the 20th of March, 1839, he purchased of the said Eliza for the consideration of $800, to her in hand paid, the slave in question; that she warranted him to be sound in body and mind; free from incumbrance as to title, and a slave for life; "to have and to hold the said slave, his profits and labor to him, the said Briscoe, his heirs and assigns forever; on condition, however, for the purposes named in their written contract, to wit, that the said Eliza should keep the possession of the said slave in the city of Houston for one month, and at the expiration of that time she should, on the payment of $100, have the privilege of keeping the said slave one other month; after which time she was to keep the said slave, so long as she wished, on the month's payment in advance of the sum of $200, with the further trust, that on the payment of the said hire, punctually in advance one month, the said Eliza had the privilege of purchasing the said slave for the sum of $900; all of which would fully appear by the bill of sale and the trust therein contained, marked (A), and prayed to be made a part of his petition."

Briscoe further alleged that the said Eliza had not complied with any of the trusts mentioned in said instrument of writing, except the payment of the first and second month's hire; that she had entirely failed to comply with any or either of the other trusts in said writing named, and that she had thereby forfeited and forever lost the privilege of either keeping said slave, or of repurchasing him at the price agreed on between the parties. The petition further alleges that the said Eliza, confederating with others, had the said slave in possession; and that the other defendant, Portis, in some way or other had connected himself with the transaction so as to have the actual control of said slave. The petition concluded with the usual prayer, that defendants be compelled to deliver up said slave to the said Briscoe, and that the defendants' title to the same be vested in him, and that the hire be paid, etc.

Flinn, 21 T., 713; Sherwood v. Fleming, 25 T. Supp., 408; Bender v. Crawford, 33 T., 745; Moore v. Letchford, 35 T., 185; Chalk v. Darden, 47 T., 438; White v. Martin, 66 T., 340; Mellinger v. Houston, 68 T., 37; Maynard v. Freeman (T. C. A.), U. R. C., 1900; Calder v. Bull, 3 Dal., 386; Cummings v. Missouri, 4 Wall., 277; Campbell v. Holt, 115 U. S., 630. Providing a remedy for existing rights, or changing remedy, is not a retrospective law prohibited. Hall v. Allcorn, Dal., 433; De Cordova v. Galveston, 4 T., 470; Paschal v. Perez, 7 T., 343; Treasurer v. Wygall, 46 T., 447; Worsham v. Stevens, 66 T., 89; Parker v. Buckner, 67 T., 20; Odom v. Garner, 86 T., 374; Association v. New-

To this petition at the spring term of the district court in the year 1840, the defendants filed the following plea:

"In this case, David Y. Portis, Henry Corri and Eliza Corri by attorney, come and defend the wrong and injury, etc., and for answer say, that the negro boy mentioned in plaintiff's petition was delivered up to him, D. Y. Portis, in part satisfaction of a certain mortgage, which he had and held as attorney, for F. Soissons, of the city of New Orleans, against the said Eliza Corri; and that at the time of the delivery, the said negro was in possession of said Corri; and for further answer denies all and singular the allegations in plaintiff's petition and pleads payment of the debt. D. Y. Portis, for himself; Megginson & Thruston, for H. Corri and E. Corri."

On the trial of the cause in the court below, there was a verdict and judgment in favor of the defendants for the sum of $223.50, and that the title of the slave sued for was in the defendants. From which judgment Briscoe appealed, and seeks to reverse it here on two grounds:

1. The court below erred in considering the bill of sale a mortgage, instead of a conditional sale, with the privilege of repurchase on the part of Eliza Corri.

2. Under the pleadings in this case, it was error to render a judgment against the appellant, if the facts would otherwise justify it; as there was no plea of reconvention or offset.

In considering the first assignment of errors, we find upon looking into the record that the court below considered the bill of sale for the slave a mortgage, and permitted the defendants to show by verbal proof the consideration which Briscoe paid for the slave, and to show also by proof how the mutual account stood between the parties. Without deciding whether the bill of sale in this instance is a mortgage or conditional sale with the privilege to repurchase, we think that the written contract bears strong marks upon its face of hardship and oppression. This circumstance, together with the fact that the slave remained in the possession of the vendor, might perhaps, upon a proper state of the pleadings, have authorized the judge below to have concluded that the bill of sale was a mortgage and not a conditional sale. But it is unnecessary to decide this point, as we consider the second assignment of errors fatal to the cause.

In the second assignment of errors we think the objection is well taken. Under the plea of the defendants the jury were not authorized to find a balance in favor of them, there being no plea of set-off claiming such indebtedness on the part of Briscoe to the defendants. As the

man, 86 T., 380; Fristoe v. Blum, 92 T., 76; Standifer v. Wilson, 93 T., 232; Capps v. Carvey (T. C. A.), U. R. C., 1897; Maynard v. Freeman (T. C. A.), U. R. C., 1900. Statutes are never construed to operate retrospectively unless their plain language requires it. Taylor v. Duncan, Dal., 514; Linn v. Scott, 3 T., 67; Martin v. State, 24 T., 61; Orr v. Rhine, 45 T., 345; Insurance Co. v. Ray, 50 T., 511; Grigsby v. Peak, 57 T., 142; Johnson v. Taylor, 60 T., 360; Mellinger v. Houston, 68 T., 37; Rockwall Co. v. Kaufman Co., 69 T., 172; McGregor v. Goldammer, 2 U. C., 49; Murray v. Gibson, 15 How., 421; Harvey v. Tyler, 2 Wall., 329; Chewheong v. United States, 112 U. S., 536; Shreveport v. Cole, 129 U. S., 36.

plaintiff below could not recover more than the sum claimed by him to be due in his petition, neither could the defendants have a judgment in their favor for a greater sum than they claimed by their plea. This rule is essential to every cause to prevent surprise; and in order that the parties litigant may know what the matters really are in dispute between them. The judgment therefore of the court below must be reversed, the cause remanded, and a new trial awarded, with leave for the parties to amend their pleadings, in order that the case may be disposed of upon its true merits. .

*Reversed and remanded.*